**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52140**

| | |
|---|---|
| In the Matter of: Jane Doe I, A Child Under Eighteen (18) Years of Age. | ) ) |
| JANE DOE, | ) |
| | ) Filed: December 4, 2024 |
| Petitioner-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) |
| JOHN DOE (2024-35), | ) |
| | ) |
| Respondent-Appellant. | ) |
| | ) |

Appeal from the Magistrate Division of the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John A. Cafferty, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Eric D. Fredricksen, State Public Defender; Jay W. Logsdon, Coeur d'Alene, for appellant. Jay W. Logsdon argued.

Ian D. Smith, Coeur d'Alene, for respondent. Ian D. Smith argued.

_____

GRATTON, Chief Judge

John Doe (2024-35) (Doe) appeals from the decision of the magistrate court terminating his parental rights. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Jane Doe I (Child) was born to Doe and Jane Doe (Mother) in 2012. Doe and Mother were married at the time Child was born but divorced in 2015 and Mother was awarded sole legal and physical custody. Doe has been incarcerated for a substantial amount of Child's life. Doe has a history of substance abuse issues. Due to these issues, Mother required Doe to submit to a drug test, and test clean, before allowing Doe to see Child. Doe has been unwilling to comply with this request. Thus, Doe has had very little contact with Child since 2015. Doe has made no attempt to modify the original 2015 custody order.

1

In June of 2023, Mother filed a petition for termination. The petition sought termination of Doe's parental rights based on abandonment. At trial, Doe chose not to call any witnesses or testify himself. The Idaho Department of Health and Welfare (IDHW) submitted a financial report pursuant to Idaho Code § 16-2008, identifying unreimbursed public assistance monies paid on behalf of Child. Neither Doe nor Mother objected to IDHW's analysis. The magistrate court found that Doe had abandoned Child by not maintaining a normal parent-child relationship; Doe had not provided stable, safe, and appropriate housing; and Doe has had frequent and prolonged incarcerations, much of which are drug related. The magistrate court also found that it is in Child's best interests for Doe's parental rights to be terminated. Doe appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and

2

convincing evidence than in cases where a mere preponderance is required. *In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *In re Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five grounds exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

Once a statutory ground for termination has been established, the trial court must then determine whether it is in the best interests of the child to terminate the parental relationship. *Matter of Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991).

### III.

### ANALYSIS

Doe challenges whether a private termination can ever be in a child's best interest where there is no adoptive parent. Alternatively, Doe argues that the magistrate court erred in its finding that it is in Child's best interests to terminate Doe's parental rights. Mother responds that substantial and competent evidence supports the magistrate court's termination decision.

### A. The Law Does Not Require an Adoptive Parent

Doe contends that "in private terminations, it can never be in the best interest of the child to lose one parent without a prospective adoptive parent." As a matter of statutory interpretation, Doe acknowledges that "it is true that I.C. § 16-2005(8) leaves open the possibility of termination where no adoption is pending." The statutory language in I.C. §§ 16-2007 and 16-2008 recognizes private terminations without adoption:

> **Idaho Code § 16-2007(1)**: After a petition has been filed, the court shall set the time and place for hearing. The petitioner shall give notice to any person entitled to notice under section 16-1505, Idaho Code, the authorized agency having legal custody of the child and the guardian ad litem of the child and of a parent. The petitioner shall give notice to the Idaho department of health and welfare <u>if the</u>

petition for termination was not filed in conjunction with a petition for adoption or by an adoption agency licensed by the state of Idaho.

> **Idaho Code § 16-2008(1)**: <u>If a petition for adoption is not filed in conjunction with a petition for termination</u>, or the petition for termination was not filed by a children's adoption agency licensed by the state of Idaho upon the filing of a petition for termination, the court shall direct the department of health and welfare, bureau of child support services, to submit a written financial analysis report within thirty (30) days from date of notification, detailing the amount of any unreimbursed public assistance moneys paid by the state of Idaho on behalf of the child. The financial analysis shall include recommendations regarding repayment of unreimbursed public assistance and provisions for future support for the child and the reasons therefor.

 (Emphasis added.)

The interpretation of a statute is an issue of law over which we exercise free review. *Aguilar v. Coonrod*, 151 Idaho 642, 649-50, 262 P.3d 671, 678-79 (2011). Such interpretation must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole. *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011). It is well established that where statutory language is unambiguous, legislative history and other extrinsic evidence should not be consulted for the purpose of altering the clearly expressed intent of the legislature. *Id.* Only where a statute is capable of more than one conflicting construction is it said to be ambiguous and invoke the rules of statutory construction. *L & W Supply Corp. v. Chartrand Family Trust*, 136 Idaho 738, 743, 40 P.3d 96, 101 (2002). The statutes quoted above plainly contemplate that a petition for termination may be filed without a concomitant petition for adoption.

 Doe states that "the main question for this Court is whether the law permits a finding of best interest of a child to reduce that child's number of parents to one." Doe argues that public policy precludes a finding that termination is in a child's best interests in a private termination without adoption because "to do so would violate the rights of the child and the strong public policy that parents have a duty to support their children." Doe cites *Doe*, 143 Idaho 383, 146 P.3d 649 in which the Idaho Supreme Court held:

> It is our strong public policy that parents have a duty to support their children. Idaho recognizes that all parents have a duty to support and maintain their minor children. *Nielsen v. Nielsen*, 93 Idaho 419, 424, 462 P.2d 512, 517 (1969). This duty is not removed because of incarceration, *Nab v. Nab*, 114 Idaho 512, 519, 757 P.2d 1231, 1238 (Ct. App. 1988), nor can support obligations be removed by contract, *see Morrison v. Young*, 136 Idaho 316, 319-20, 32 P.3d 1116, 1119-20 (2001). Only by terminating parental rights is this duty removed.

4

*Doe*, 143 Idaho at 390, 146 P.3d at 656. Doe's reliance on this case is misplaced. In *Doe*, the Idaho Supreme Court held that removal of a financial obligation is not a proper consideration in the *parent's* best interests. However, the Court held that the magistrate court may consider a parent's lack of financial support in the best interests determination with respect to the child. *Id*.

Doe contends that under I.C. § 16-2001(1)(a) the purpose of providing courts with the authority to terminate parental rights is to promote the welfare of the parties and the state of Idaho. Additionally, Doe argues that Idaho does not benefit from parents being relieved of their financial obligations to their children.[1] Essentially, Doe argues that there is no set of circumstances where parental rights should be terminated, in a private termination without adoption, if the parent has the potential to eventually pay some amount of child support. Further, Doe asserts that "when there is no replacement for a parent, termination of parental rights serves no legitimate end." Doe argues that custody cases can resolve the issues without termination. Indeed, parenting and support issues are addressed in custody proceedings and, depending upon the circumstances, may well be the more appropriate avenue. However, custody proceedings are not a statutory prerequisite to a private termination. Moreover, as discussed below and as Doe acknowledges, in his case he did not resort to custody proceedings relative to providing support for his Child.

Public policy does not preclude a finding of best interests in a private termination without adoption. Certainly, a child is entitled to support from a parent and the parent has a duty of support. And, as the *Doe* Court recognized, termination of a parent's rights removes this duty. *Doe*, 143 Idaho at 390, 146 P.3d at 656. As Doe urges, in many, if not most, situations, custody and support proceedings can effectively address and enforce parenting and support concerns. However, the legislature provided for private terminations without adoption. Moreover, the legislature required a child's best interests analysis in private termination determinations. I.C. § 16-2005(4). To hold that it can never be in a child's best interests to terminate a parent's rights in a private termination without adoption would be contrary to the legislative scheme and underlying policy. That a

---

[1] Doe cites to cases from other states that have held that increasing the likelihood that a child will be a ward of the State is against public policy. While, as a general matter, increasing the likelihood that a child will be a ward of the State may be against public policy, Doe has not shown that in every private termination without adoption that increased risk exists such that termination "can never be in the best interest of the child." Therefore, such public policy does not prevent private termination without adoption.

parent's duty of support is removed in a private termination is a consideration for the magistrate court in the best interests analysis. However, it is not a determinative factor.

**B.    The Magistrate Court Did not Err in the Best Interests Determination**

As an initial matter, the magistrate court found that Doe abandoned Child. Doe does not contest the magistrate court's finding of abandonment. Doe's arguments on appeal are limited to the magistrate court's best interests analysis. Doe claims "the Magistrate Court erred in terminating Father's rights on the grounds that Father had been a drug addict and incarcerated while Mother had parented the Child, rather than considering in what way the Child would be better off with the termination of his rights."

The magistrate court may consider several factors when determining whether termination is in the child's best interests, including the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody,[2] the improvement of the child while in foster care,[3] the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that termination of parental rights is in the best interests of the child must be made on objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

In *Matter of Doe*, 164 Idaho 511, 432 P.3d 60 (2018) the Court stated:

> The best interests analysis is an expansive analysis with "no set list of factors a court must consider." *In re Doe (2015-03)*, 159 Idaho 192, [198], 358 P.3d 77, 83 (2015). Nonetheless, this Court has articulated numerous factors that a trial court may consider, including a "parent's history with substance abuse, whether the parent has provided financial support, the child's relationship with those currently caring for him or her and whether the child has improved under that care, the child's need for stability and certainty, and the parent's incarceration." *Id.* Other factors include:
>
>> the parent's ability to change his or her conduct to assume parental responsibilities, whether there is a good relationship between the child and parent, whether the child has improved while in the parent's care, whether the child's needs are being met, and the parent's ability to provide stability and certainty.

---

[2]    Although the Child was not in protective custody in this case, the financial contribution of the parent (Doe) to the child's care is still a factor that is considered.

[3]    This factor however is inapplicable in this case. Child was never in foster care.

*Idaho Dep't of Health & Welfare v. Doe I (2017-21)*, 163 Idaho 83, 89, 408 P.3d 81, 87 (2017).

*Matter of Doe*, 164 Idaho at 516, 432 P.3d at 65.

Doe argues that "there appears to be a misunderstanding that termination of parental rights is about judging a parent as being good or bad." Doe asserts that the magistrate court dwelt on his culpability and the willfulness of his actions with regard to his criminal proceedings. Doe claims that the magistrate court punished him rather than analyzing how termination would be in Child's best interests.

Doe draws similarities between his situation and the father's conduct in *In re Doe*, 157 Idaho 14, 333 P.3d 125 (2014). In *Doe*, father was thirty years old, lived with his mother, dropped out of high school, had limited marketable skills, inconsistent employment, a poor financial situation, and a history of incarcerations. *Id*. at 18, 333 P.3d at 129. Mother and stepfather petitioned the magistrate court to terminate father's parental rights and for adoption. *Id.* at 15, 333 P.3d. at 126. The two primary issues addressed by the Court were harm to the children and comparing whether the stepfather would be a better parent than father. The Court held:

> Although there is no requirement that a child suffer actual harm before the parent's parental rights can be terminated, the lack of any evidence showing that termination of a parent's parental rights is necessary to prevent harm to the children is a factor that the trial court can consider when deciding whether termination of a parent's parental rights is in a child's best interests.

*Id.* at 17, 333 P.3d at 128. Further, the Court held that "the issue in a termination proceeding is not whether the natural parent or the stepparent would better discharge parental responsibilities." *Id*. The magistrate court in *Doe* held that under the totality of the circumstances there was no showing of harm to the children or that termination was in the best interests of the children. *Id*. The Idaho Supreme Court noted:

> Mother wants this Court to reweigh the evidence and conclude that termination of Father's parental rights would be in the best interests of the children. "Whether a matter has been proved by clear and convincing evidence is primarily a matter for the trial court." *In re Doe*, 153 Idaho 258, 263, 281 P.3d 95, 100 (2012). "On appeal, the appellate court does not reweigh the evidence to determine if it was clear and convincing." *Dep't of Health and Welfare v. Doe*, 149 Idaho 207, 210, 233 P.3d 138, 141 (2010). The magistrate court found that Mother had failed to prove by clear and convincing evidence that termination of Father's parental rights was in the best interests of the children, and that finding is supported by substantial and competent evidence.

*Doe*, 157 Idaho at 18, 333 P. 3d at 129.

7

Here, the magistrate court found that Doe failed to maintain a normal relationship with Child for most of her life. Doe failed to be present and supportive in Child's life both physically and financially. The magistrate court noted that this largely stemmed from Doe's frequent and prolonged periods of incarceration, most of which were drug related. Doe continually failed to abstain from using illegal controlled substances. These periods of prolonged incarceration and substance abuse resulted in Doe's inability to maintain employment or a meaningful relationship with Child. As a result, Child does not rely on Doe for care and support. The magistrate court noted that Doe has been unable to provide stable, safe, and appropriate housing for Child. Doe's actions resulted in failing to provide Child with needed stability and certainty.

In its findings, the magistrate court noted that Child is twelve years old and resides with Mother. Child has been exclusively cared for by Mother for the past nine years. Mother has had physical and legal custody of child since a 2015 custody order. Mother was willing to allow Doe to have visitation with Child pending a clean drug test. To date, Doe has never submitted to a drug test. Further, Doe did not present any evidence explaining his failure to maintain contact with Child. The magistrate court noted that Doe made little to no attempt to contact Child while incarcerated, aside from sending some craft items to Child and her sister.

The magistrate court stated that Doe has a history of drug use as noted by the testimony of multiple parties, along with his criminal history. Doe refused to submit to a drug test to exercise in-person visitation with Child and has never tried to modify the custody order. Doe did not testify, so there was no evidence that he wanted a relationship with Child, unlike in *Doe*, where the father "commenced an action to obtain visitation with the children" and testified at trial, that he "wanted to reestablish a relationship with his children." *Doe*, 157 Idaho at 18, 333 P.3d at 129. Doe has not had any in-person visits with Child in approximately eight years. In his appellant's brief, Doe admits to doing nothing except occasionally paying child support.[4] Further, Mother was willing

---

[4]     Doe's argument focuses on the financial support that will be missing if his rights are terminated. Although Doe has paid support in the past, as of April 2024, he was in arrears $2,624.20. Further, Doe was in arrears in the amount of $10,286.02 at one point and was only forgiven this amount when Doe's father paid Mother $4,000. Doe argues that he should be given the opportunity to pay child support and retain his rights without any proof that he will be able to do so moving forward aside from "occasionally" paying in the past. We are unpersuaded by this argument.

to allow Doe unsupervised visitation with Child, but he was unwilling to submit to a drug test. Additionally, Mother meets Child's physical, mental, and emotional well-being.[5]

While the magistrate court discussed Doe's circumstances, drug use, and incarceration, Doe has failed to show that the best interests determination was punishment to him. In addition, the magistrate court found that Doe had abandoned Child by not maintaining a normal relationship and failing to provide stable, safe, and appropriate housing. Doe acknowledges that "indeed, the court's findings as to what Father had provided the Child as a parent were correct." Doe admits that "[h]e had never taken Mother to court to try and get visitation" and "[l]iterally all he did was occasionally pay child support." Doe's sole claim is that his potential ability to provide financial support for Child in the future should exceed the other findings by the magistrate court. The magistrate court has discretion to consider the other factors as outlined in *In Matter of Doe*, 164 Idaho 511, 432 P.3d 60. Doe argues the analysis should be limited to only the financial aspect, or at minimum the financial factor should be given the greatest weight. The Supreme Court noted in *In Matter of Doe* that "the best interest analysis is an expansive analysis," thus indicating that no one factor should be given significantly more weight than the others. *Id.*

The Court in *Doe* noted that the evaluation of best interests of the children "includes their physical, mental, and emotional well-being with all parties involved." *Doe*, 157 Idaho at 16, 333 P.3d at 127. Moreover, children can be negatively impacted when a parent fails to maintain a normal parental relationship with them. *Id.* at 18, 333 P.3d at 129. The magistrate court's decision to terminate Doe's parental rights is supported by substantial and competent evidence in the record. Whether a matter has been proved by clear and convincing evidence is primarily a matter for the trial court. *In re Doe*, 153 Idaho at 263, 281 P.3d at 100. On appeal, this Court does not reweigh

---

[5]     Doe presents extensive argument regarding an issue raised in summary judgment proceedings prior to the termination trial. An argument there by Mother involved a concern as to what would happen to Child if something happened to her, especially that Doe would have a right to Child. However, the summary judgment proceedings or decision did not become part of the record in the trial. Moreover, the concern by Mother was referenced at trial only in passing: "I fear that if something happens to me, he'd be the first they would call to come get her, and my family would have to fight for her back." Finally, there is no finding as to this concern by the magistrate court. The issue is not properly before this Court.

evidence. *Doe*, 149 Idaho at 210, 233 P.3d at 141. We affirm the termination of Doe's parental rights.

**C.      Attorney Fees**

Mother has requested attorney fees under Idaho Appellate Rule 41 believing that Doe's appeal was brought only to reweigh the evidence in a case where there was no conflicting testimony. As a fundamental right was implicated and we do not view Doe's arguments as frivolous, we decline to award attorney fees. *See Matter of Doe*, 164 Idaho at 518, 432 P.3d at 67.

**IV.**

**CONCLUSION**

Doe has failed to show error in the magistrate court's decision to terminate his parental rights. Accordingly, the judgment of the magistrate court is affirmed. Costs, but not attorney fees, to Respondent.

Judge LORELLO and Judge TRIBE **CONCUR**.